IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUDITH DRAKE**<br>1211 George Rd.<br>Meadowbrook, PA 19046<br><br>    Plaintiff,<br><br>  v.<br><br>**NATIONAL LIFE INSURANCE COMPANY**<br>2035 Lincoln Hwy<br>Ste 1050<br>Edison, NJ 08817<br><br>And<br><br>**JOHN DOES 1-10**<br><br>    Defendants. | NO.: 17-3170<br><br>CIVIL ACTION<br><br>JURY OF TWELVE (12) JURORS DEMANDED. |

## FIRST AMENDED CIVIL ACTION COMPLAINT

**I. Parties, Venue & Jurisdiction**

1. Plaintiff, Judith Drake, is an adult individual residing at the above captioned address.

2. Upon information and belief, Defendant, National Life Insurance Company is incorporated in Vermont and registered to conduct business at the above captioned address.

3. Jurisdiction in this Honorable Court is based on a diversity of parties conferred by 28 U.S.C. § 1332.

4. Venue is proper in the in The United States District Court for The Eastern District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

**II. Operative Facts**

5. Plaintiff, Judith Drake, is the beneficiary of a life insurance policy, at policy number

2398215, with Defendant, National Life Insurance Company, through her deceased husband Eric E. Drake issued on October 1, 2006 valued at $500,000.00. EXHIBIT A

6. Defendant, John Doe, Steven A. Fishman is an insurance agent with Defendant National Life Insurance and was the agent that provided and managed Eric E. Drake's policy.

7. On August 16, 2016, Plaintiff's husband Eric E. Drake committed suicide.

8. On or about August 25, 2016, Plaintiff notified Defendant about its policy holder's death and attempted to collect the death benefit on the policy.

9. Defendant refused to issue the death benefit claiming that the policy had lapsed on October 1, 2015 – because the policy holder, Eric Drake had not paid his premium. EXHIBIT B

10. Defendant, National Life Insurance Company claims to have sent letters requesting payment of the premium to policy holder, Mr. Drake and Fishman on September 2, 2015, November 3, 2015, and December 4, 2015. EXHIBIT C

11. Defendant, National Life Insurance Company claims to have sent a cancellation notice to the policy holder and Fishman on or about December 14, 2015.

12. Plaintiff never received the cancellation notice nor any of the requests for payment of the premium despite being at all times material the recipient of the household's mail.

13. Fishman never received any of the notices issued despite being believed listed on the alleged notices – which Defendant's representative advised Fishman that he was so copied.

14. Defendant failed to inform Plaintiff, Eric Drake and Mr. Fishman that the policy would be cancelled for lack of payment.

## COUNT I
*Estoppel/Breach of Contract/Quasi-Contract*

15. At all times material, there existed an express or implied contract – the Policy and/or Defendant's course of conduct.

16. At all times material, Plaintiff (and Fishman) justifiably and reasonably relied on receiving (for Eric Drake) notices of delinquency and cancellation – which were ultimately advised sent by Defendant but not received: upon which Plaintiff (for Eric Drake) would have cured the delinquency and prevented the Policy lapse.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant, for an amount in excess of $75,000.00, plus interest, costs of suit, plus other relief which this Honorable Court deems necessary and just.

Respectfully Submitted,

| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
|---|---|
| BY: */s/ Matthew Weisberg* | BY: *Gary Schafkopf* |
| MATTHEW B. WEISBERG, ESQ. | GARY SCHAFKOPF, ESQ. |
| DATED: 10/2/2017 | DATED: 10/2/2017 |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDITH DRAKE | : | |
| Plaintiffs, | : | NO.: 17-2593 |
| v. | : | |
| NATIONAL LIFE INSURANCE CO. | : | |
| Defendants. | : | **JURY OF TWELVE (12) DEMANDED** |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 2nd day of October, 2017, a true and correct copy of the foregoing Plaintiff's First Amended Civil Action Complaint was served via ECF, upon the following parties:

E. Thomas Henefer, Esq.
Stevens & Lee
111 N. Sixth Street
P.O. Box 679
Reading, PA 19603

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff