**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| JUDITH DRAKE | : | | |
| | : | | |
| Plaintiffs, | : | NO.: | 17-3170 |
| | : | | |
| v. | : | | |
| | : | | |
| NATIONAL LIFE INSURANCE CO. | : | | |
| | : | **JURY OF TWELVE (12) DEMANDED** | |
| Defendants. | : | | |
| | : | | |

## <u>ORDER</u>

AND NOW this _____ day of _____, 2017, upon consideration of

Defendants' Motion to Dismiss, and Plaintiff's Response in Opposition thereto, it is hereby

ORDERED and DECREED that Defendants' Motion is DENIED.

**AND IT IS SO ORDERED.**


_____

The Honorable Juan R. sanchez

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JUDITH DRAKE | : | | |
| | : | | |
| Plaintiffs, | : | NO.: | 17-3170 |
| | : | | |
| v. | : | | |
| | : | | |
| NATIONAL LIFE INSURANCE CO. | : | | |
| | : | **JURY OF TWELVE (12) DEMANDED** | |
| Defendants. | : | | |
| | : | | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court deny Defendants' Motion to Dismiss.

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JUDITH DRAKE | : | | |
| | : | | |
| Plaintiffs, | : | NO.: | 17-2593 |
| v. | : | | |
| | : | | |
| NATIONAL LIFE INSURANCE CO. | : | | |
| | : | **JURY OF TWELVE (12) DEMANDED** | |
| Defendants. | : | | |
| | : | | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**I.    Standard**

A. Motion to Dismiss:  *Fowler* re *Twombly* and *Iqbal*[1]

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in Twombly and Iqbal (in accord with Phillips) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible... [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPML Shadyside - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1955 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 230 (C.A.3 2008).

Fowler reiterated the appropriate Motion to Dismiss standard, as elucidated in Phillips, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief." Fowler, supra (quoting Phillips, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might

---

[1] *See generally*, "Simplified Pleading, Meaningful Days in Court, and Trials On The Merits:  Reflections On The Deformation of Federal Procedure," *New York University Law Review*, Vol. 88, p. 286 (April 2013).

prefer, it need only set forth sufficient facts to support plausible claims."[2]   Fowler (citing Twombly, at 564, n.8).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'"   Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234.  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969).  In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief).  *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim."   Fowler, supra  "…[S]tandards of pleadings are not the same as standards of proof."  Id.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely."  Id. (quoting Twombly, at 556).

---

[2] Mr. Sharp:      It's a conclusory fact.

Justice Breyer:  Well, it's a fact.  They sat in their view --

Mr. Sharp:      It's a conclusion.

Justice Breyer:  All right.  I don't know what a conclusory fact is as opposed
                 to a regular fact.

Dart Cherokee Basin Operating Co. v. Owens, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

B. <u>Amended Pleading</u>

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. <u>Twombly</u>, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, <u>In re Spree.com Corp.</u>, 2001 WL 1518242 (Bankr. E.D. Pa. 2001).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); <u>Fowler</u>, supra. ("we note that the District Court <u>inexplicably</u> foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added).  The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, ***even if not requested***. <u>Adams v Gould, Inc.</u>, 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); <u>Arthur V. Maersk, Inc.</u>, 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time); <u>Estate of Frank P. Lagano v. Bergen County Prosecutor's Office</u>, No. 13-3232 (C.A.3. 2014) (citing <u>Alston v. Parker</u>, 363 F.3d 229, 235 (C.A.3 2004)) (reversing a district court for not *sua sponte* granting leave to amend).

"Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. <u>Lorenz</u>, *supra.* "Futility" invokes the 12(b)(6) standard upon the district court's notice of the complaint's deficiencies.  <u>Davis v. Abington Memorial Hospital</u>, 765 F.3d 236, 244-245 (C.A.3 2014) (citing <u>Krantz v. Prudential Investments Fund Management, LLC</u>, 144 F.3d 140, 144 (C.A.3 2002).

C.  <u>Scope of Review</u>

Only a document integral to or explicitly relied upon in the complaint may be considered without converting a motion to dismiss into one for summary judgment.  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (C.A.3 1997).  "[W]hat is critical is whether the claims in the complaint are 'based on an extrinsic document and not merely whether the extrinsic document was explicitly cited."  <u>Schmidt v. Skolas</u>, No. 13-3750 (C.A.3. October 17, 2014) (quoting <u>Watterson v. Page</u>, 987 F.2d 1, 3-4 (C.A.1 1993)).

<u>Conclusion:  Standard</u>

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied.  In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

**II.   Argument**

In <u>Kaeppel v. Mutual Life Ins. Co. of New York</u>, the Third Circuit Court of Appeals (upon which this Honorable Court is bound), 78 F.2d 899, held-as is instantly consistent – that when an insurer has regularly and customarily given notice (Amended Complaint, Exh. B) it cannot thereafter abandon that practice. (1935); *See also*, <u>Geise v. Nationwide</u>, 939 A.2d 409 (Pa. Super. 2007).

Instant defendant attempts to distinguish the aforesaid binding precedential authority with a Court of Common Pleas' trial opinion (non-binding). <u>Williams</u>, *supra.* (unpublished). However, <u>Williams</u> makes a distinction without a difference – respectfully here suggested as requiring this Honorable Court to disregard.

In any event, defendant's prior conduct and custom, policy and practice can only be adjudicated upon FRCP 56 (not 12(b)(6)). *See generally*, <u>Environ. Equip. & Svc. Co. v. Wachovia Bank</u>, 741 F.Supp.2d 705, 723-24 (E.D.Pa. 2010).

Indeed, even if a contract does not elucidate the performance, prior performance as well as custom, policy and practice of performance can regard a breach for which instant Defendant is estopped from denying. *See generally*, <u>Geise</u>, at 422-23.

Simply, it is absurd to claim a life insurer need not send notices of payment and delinquency thereafter upon those omissions denying life insurance benefits – even if insurer's notice performance is not dictated by the contract.

Because insurer's prior conduct and policy, custom and practice requires a fact-intensive inquiry – especially in light of the absurdity[3] and thus, 12(b)(6) standard violative of its position (i.e., that it need not give notice of payment nor delinquency), in the light most favorable to plaintiff with all averments accepted as true and any elements otherwise requiring discovery, defendant's Motion to Dismiss must be denied.

In sum, Defendants' argue they have no duty to furnish payor (and mail receiver) Plaintiff (nor Plaintiff's decedent) notices of delinquency (or even payments due) consistent with the life insurance contract.

---

[3] Which absurdity is self-contradicted and additionally so by the Amended Complaint's Exh. B.

In this unique factual situation duty may only be able to be determined after a factual record is established consistent with Defendants' practices and procedures generally and instantly performed.

Both as a matter of fact and ultimately as a matter of law, Plaintiff anticipates discovery will reveal that it is in fact Defendants' practices (both generally and instantly) to send payment and delinquency notices to both the agent and decedent (for whom Plaintiff collected the mail and made payment hereunder) – which will be additionally founded upon decedent's pleaded life insurance agent's anticipated testimony.

There was a duty created by Defendants' pre-decease performance generally and instantly – w giving rise to discovery.  To that end, Defendants' will be estopped from denying that duty thereunder pre-decease.

WHEREFORE, Plaintiff respectfully request this Honorable Court deny Defendants' Motion to Dismiss.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUDITH DRAKE | : | |
| | : | |
| Plaintiffs, | : | NO.:     17-2593 |
| v. | : | |
| | : | |
| NATIONAL LIFE INSURANCE CO. | : | |
| | : | **JURY OF TWELVE (12) DEMANDED** |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 27th day of November, 2017,

a true and correct copy of the foregoing Plaintiff's Motion for Enlargement of Time to Respond

to Defendant's Motion to Dismiss was served via ECF, upon the following parties:


E. Thomas Henefer, Esq.
Stevens & Lee
111 N. Sixth Street
P.O. Box 679
Reading, PA 19603


**WEISBERG LAW**


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff