## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUDITH DRAKE** | : | CIVIL ACTION |
| 1211 George Rd. | : | |
| Meadowbrook, PA 19046 | : | No.: 2:17-cv-03170-JS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **NATIONAL LIFE INSURANCE CO.** | : | JURY OF TWELVE (12) JURORS |
| 2035 Lincoln Hwy, Ste 1050 | : | DEMANDED. |
| Edison, NJ 08817 | : | |
| | : | |
| And | : | |
| | : | |
| **JOHN DOES 1-10** | : | |
| | : | |
| Defendants. | : | |

## SECOND AMENDED
## CIVIL ACTION COMPLAINT

### I.   JURISDICTION & VENUE

1.     Jurisdiction in this Honorable Court is based on a diversity of the parties conferred by 28

U.S.C. § 1332 as the amount in controversy exceeds $75,000.

2.     Venue is proper in the in The United States District Court for The Eastern District of

Pennsylvania as the transactions and occurrences that give rise to the cause of action have taken

place within this District.

### II.   PARTIES

3.     Plaintiff, Judith Drake, is an adult individual residing at the above-captioned address.

4.     Upon information and belief, Defendant, National Life Insurance Company is

incorporated in Vermont and registered to conduct business at the above-captioned address.

### III.   OPERATIVE FACTS

5.      Plaintiff, Judith Drake, is the beneficiary of a life insurance policy (Policy No.: 2398215) issued by Defendant, National Life Insurance Company to Plaintiff's now-deceased husband, Eric E. Drake (the "Insured") issued on October 1, 2006 valued at $500,000 (the "Policy"). Exhibit A.

6.      The Insured purchased the Policy through an insurance agent affiliated with Defendant, National Life Insurance Company, non-party, Steven A. Fishman. At all material times, Fishman managed the Policy on behalf of the Insured.

7.      On or about August 16, 2016, the Insured died.

8.      On or about August 25, 2016, Plaintiff notified Defendant, National Life Insurance Company of the Insured's death in an attempt to collect the death benefit under the Policy.

9.      However, Defendant, National Life Insurance Company denied the claim.

10.     Attorney Bradley Beckman reached out to Defendant, National Life Insurance Company on behalf of Plaintiff for an explanation. In response, Defendant, National Life Insurance Company sent a letter claiming that the Insured did not pay the quarterly payment for the period of October 1, 2015 through December 31, 2015. *See* Exhibit B.

11.     Defendant, National Life Insurance Company further alleged that it had mailed "premium request" letters to the Insured on September 2, 2015, November 3, 2015, and December 2, 2015. *See* Exhibit B.

12.     Defendant, National Life Insurance Company further alleged that it had mailed a letter on December 14, 2015 advising that it would consider reinstating the policy if payment was made by January 11, 2016. *See* Exhibit B.

13.     Defendant, National Life Insurance Company also enclosed the letters it had allegedly sent during Fall 2015. *See* Exhibits B & C.

14.     However, the Insured did not receive any of the "premium request" letters or the December 14, 2015 letter as, at all material times, Plaintiff obtained and reviewed the mail sent to her husband each day and knows no such letter arrived at the Insured's, and Plaintiff's, Property.

15.     Additionally, based on information provided by Fishman, Defendant, National Life Insurance Company did not send Fishman a copy of the "premium request" letters or the December 14, 2015 letter.

16.     Based on the aforesaid information, it is believed and therefore averred that Defendant, National Life Insurance Company did not send the aforementioned notices to the Insured thereby changing its practice without notice to the Insured.

17.     At all material times prior September 2015, the Insured received premium request letters from Defendant, National Life Insurance Company, on which the Insured relied in order to recall when payments were due. Each quarter for the nine years prior to September 2015, the Insured would receive the "premium request" letter, place it with his other bills due, and make payment on time.

18.     The Insured failed to pay make the quarterly payment because Defendant, National Life Insurance Company did not mail the aforementioned "premium request" letters, upon which the Insured relied.

19.     Additionally, when the Insured purchased the Policy, his insurance agent, Fishman, explained to the Insured that Defendant, National Life Insurance Company would send the "premium request" letters when payment was due, just like any other company billing a customer.

20.     Likewise, Fishman explained to the Insured that Defendant, National Life Insurance

Company would send at least one late notice to the Insured if he failed to make a timely payment.

21.     Further, Fishman told the Insured that it was Defendant, National Life Insurance Company practice to also inform Fishman if the Insured missed a payment so that Fishman could reach out directly to the Insured.

22.     Had Defendant, National Life Insurance Company sent the aforementioned notices to the Insured, the Insured would have made all appropriate payments to ensure the Policy did not lapse – as he had done for the prior nine years.

23.     Likewise, had Defendant, National Life Insurance Company sent the aforementioned notices to Fishman, Fishman would have contacted the Insured, who would have then made all appropriate payments to ensure the Policy did not lapse.

**IV.     COUNT OF ACTION**

## COUNT I
### *Estoppel/Breach of Contract/Quasi-Contract*

24.     Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

25.     At all material times, there existed an expressed contract that was adjusted by the practices or custom of Defendant, National Life Insurance Company.

26.     Defendant, National Life Insurance Company had a duty to continue sending the Insured "premium request" letters due to Defendant, National Life Insurance Company prior practice and/or custom of doing so for the prior nine years, upon which the Insured relied. In the alternative, Defendant, National Life Insurance Company had a duty to inform the Insured that it was no longer sending the "premium request" letters.

27.     As explained in more detail above, Defendant, National Life Insurance Company

breached its duties to the Insured by failing to either: (a) send the "premium request" letters; or (b) informing the Insured that it would no longer send the "premium request" letters.

28.     Further, Defendant, National Life Insurance Company had a duty to send late notices due to Defendant, National Life Insurance Company prior practice with its customers, upon which its insurance agents depended and informed their clients of.

29.     As explained in more detail above, Defendant, National Life Insurance Company breached its duties to the Insured by failing to either: (a) send the late notice letters; or (b) informing the Insured and/or its insurance agents that it would no longer send the late notice letters.

30.     At all material times, the Insured justifiably and reasonably depended on receiving the "premium request" letter, the late notice letter, and the safety of reinstatement. Likewise, the Insured justifiable and reasonably depended on his insurance agent, Fishman, receiving similar notice in order to inform the Insured.

31.     Due to Defendant, National Life Insurance Company breach of its duties to the Insured, Plaintiff has been financially harmed.

**V.     PRAYER FOR RELIEF**

        **WHEREFORE**, Plaintiff, Judith Drake demands judgment in her favor and against Defendant, National Life Insurance Company for an amount in excess of $75,000, plus pre-judgment interest and any other and further relief which this Honorable Court deems necessary and just.

                                        Respectfully Submitted,

**WEISBERG LAW**                        **SCHAFKOPF LAW, LLC**

*/s/ Matthew B Weisberg*                 */s/ Gary Schafkopf*
Matthew B. Weisberg, Esquire            Gary Schafkopf, Esquire

L. Anthony DiJiacomo, III, Esquire                    *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUDITH DRAKE** | : | CIVIL ACTION |
| | : | |
| v. | : | No.: 2:17-cv-03170-JS |
| | : | |
| **NATIONAL LIFE INSURANCE CO.** | : | |
| and **JOHN DOES 1-10** | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 8th day of March, 2018, a

true and correct copy of the foregoing Plaintiff's Second Amended Civil Action Complaint was

served via ECF, upon the following party:

E. Thomas Henefer, Esq.
Stevens & Lee
111 N. Sixth Street
P.O. Box 679
Reading, PA 19603

**WEISBERG LAW**                           **SCHAFKOPF LAW, LLC**

*/s/ Matthew B Weisberg*                     */s/ Gary Schafkopf*
Matthew B. Weisberg, Esquire          Gary Schafkopf, Esquire
L. Anthony DiJiacomo, III, Esquire     *Attorneys for Plaintiff*